NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HILDEBRANDT FLOWERS,<br><br>               Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>               Respondent. | No. 23-3744<br><br>Agency No.<br>A091-700-015<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2024[**]
San Francisco, California

Before: TASHIMA, CALLAHAN, and KOH, Circuit Judges.

Petitioner Hildebrandt Flowers, a native and citizen of Belize, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an Immigration Judge's ("IJ") decision denying his application for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

In dismissing Flowers' appeal for withholding of removal, the BIA "affirm[e]d" the IJ's decisions "for the reasons stated therein." We therefore "review the IJ's decision to the extent incorporated." *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014); *see Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010) ("Where, as here, the BIA incorporates part of the IJ's reasoning as its own, we treat the incorporated parts as the BIA's."). In dismissing Flowers' appeal for relief under CAT, the BIA stated that it "agree[d]" with the IJ's determination but then based its decision on its own "independent review" of the record. We therefore review "the BIA's decision and not that of the IJ" with respect to Flowers' claim for relief under CAT. *Valdez-Munoz v. Holder*, 623 F.3d 1304, 1307 (9th Cir. 2010).

1. In 1985, Flowers attempted to rob a group of individuals by pointing a handgun at them and demanding that they hand over their money. Flowers was convicted of three counts of attempted robbery in violation of California Penal Code §§ 221 and 664 for which he received a sentence of two years imprisonment. He argues that the IJ and BIA (collectively, "agency") did not rely on the "appropriate factors" to conclude that his conviction constituted a "particularly serious crime." *See Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020) (explaining

2

that "[o]ur review is limited to ensuring that the agency relied on the appropriate factors and proper evidence" to make a "particularly serious crime" determination) (cleaned up). According to Flowers, because his attempted robbery "was committed almost 40 years ago, it cannot serve as the basis to show he is presently a danger to the community," and the agency was required to consider this "passage of time."

Flowers conflates whether he committed a "particularly serious crime" and whether he is currently a danger to the community. *See* 8 U.S.C. § 1231(b)(3)(B)(ii). When determining whether an alien committed a "particularly serious crime," the agency considers "the actual circumstances of the crime" and the "nature of the crime." *See In re N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA 2007). "[T]here is no statutory requirement for a separate determination of dangerousness focusing on the likelihood of future serious misconduct on the part of the alien." *Gomez-Sanchez v. Sessions*, 892 F.3d 985, 991 (9th Cir. 2018) (quoting *Ramirez-Ramos v. INS.*, 814 F.2d 1394, 1397 (9th Cir. 1987)).

Flowers also argues that the agency erred by not considering his motivation or intent when committing the attempted robbery, but the IJ explicitly acknowledged that Flowers "claimed that he did not intend to harm" the victims. We conclude that the agency "applied the correct legal standard" and did not abuse its discretion in determining that Flowers committed a particularly serious crime.

3

*See Bare*, 975 F.3d at 961.

2.     Substantial evidence supports the BIA's determination that Flowers is ineligible for CAT relief.  *See Umana-Escobar v. Garland*, 69 F.4th 544, 553 (9th Cir. 2023).  Flowers argues that the Belizean government is "unwilling" to protect him and that his circumstances are like those in *J.R. v. Barr*, 975 F.3d 778 (9th Cir. 2020).  *J.R.* did not address a claim for CAT relief, however, and instead reviewed a decision denying petitioner's asylum and withholding of removal claims.  975 F.3d at 780–82.  The "unable or unwilling" standard for asylum and withholding of removal differs from the standard for CAT relief, which requires a showing of public officials' "consent or acquiescence."  *See Azanor v. Ashcroft*, 364 F.3d 1013, 1019 (9th Cir. 2004).

To the extent *J.R.* is instructive, the facts here are distinguishable.  In *J.R.*, the court found the El Salvadoran government "unable or unwilling" to protect petitioner and his family from a gang because, after petitioner reported an incident to the police, "gang members shot [petitioner] seven times," "the gang murdered [petitioner's] son at home," and after reporting the murder, petitioner "received a death threat from the local 'boss' of the gang."  975 F.3d at 782–83.  Further, although the El Salvadoran government provided protection to petitioner before he testified against the gang, "it withdrew that protection after he testified."  *Id.*  Here, there is no evidence that Flowers reported any incident to the police, that gang

4

members have harmed Flowers, or that the government provided Flowers protection and then withdrew that protection. Further, the BIA relied on country conditions evidence and testimony in the record to conclude that the harm or threats of harm facing Flowers was disconnected from the Belizean government, and that despite corruption and a lack of resources, government officials are making efforts to curtail gang violence. *See Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (finding no government "acquiescence" where "the government actively, albeit not entirely successfully, combats the illegal activities").

**PETITION DENIED**.